**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **NORTHERN GULF SERVICES, LLC** | § | |
| **LCS RECYCLING, LLC and** | § | |
| **LCS 1, LLC** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **NO. 4:25-cv-02352** |
| | § | |
| | § | |
| **STEPHEN JAMES BRINDLE** | § | |
| | § | |
| *Defendant.* | § | |

**NOTICE OF ISSUANCE OF SUBPOENA**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant

Stephen James Brindle et al ("Plaintiffs") by and through the undersigned counsel,

will serve the attached subpoenas on nonparty Whitley Penn, LLP requesting the

completion of Depositions by Written Questions as attached to **Exhibit A** to the

respective subpoena, Definitions as **Exhibit** B and produce documents and

communications requested in **Exhibit C** by April 17, 2026.

---------------------------- SIGNATURE LINE NEXT PAGE ----------------------------

1

Dated: March 19, 2026

Respectfully submitted,

/s/ Stephen R. Cochell
Stephen R. Cochell
5850 San Felipe, Ste. 500
Houston Texas 77057
Telephone:   (713) 800-3500
srcochell@gmail.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2026, I electronically filed the foregoing Motion for Leave to File Third Amended Complaint and brief in support thereof with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Stephen R. Cochell*
Stephen R. Cochell

2



**COCHELL**
**L A W   F I R M**
*Houston Business Lawyer & Trial Attorney*

March 18, 2026

***Via Personal Delivery***
Custodian of Record for Whitley Penn, LLP
640 Taylor Street, Suite 2200
Fort Worth, TX 76063 USA
3737 Buffalo Speedway
Houston, Texas 77098

> Re: *Civil Action 25-cv-02352; Northern Gulf Services, LLC et al v. Stephen James Brindle.* in the Southern District of Texas United States District Court

To Whom It May Concern:

The Cochell Law Firm, PLLC represents Defendant Stephen James Brindle in the above-named litigation. Please take notice that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs have issued the attached Subpoena that commands Whitley Penn, LLP to complete the Deposition by Written Questions attached as Exhibit A to the Subpoena, as well as that commands Whitley Penn, LLP to produce the documents and communications requested by Plaintiffs in Exhibit C to the Subpoena, by April 17, 2026.

Please contact me to arrange for logistics regarding the taking of the Deposition by Written Questions in the Subpoena's Exhibit A and for the production of the documents requested in the Subpoena's Exhibit C.

Included with the Subpoena is a $40 witness fee payable to Whitley Penn, LLP pursuant to Rule 45(b)(1) of the Federal Rules of Civil Procedure. Please let me know if Whitley Penn, LLP will incur mileage costs to comply with the Subpoena and we can discuss reimbursement of those costs as provided for under Rule 45(b)(1) and under Section 1821 of Title 28 of the United States Code.

Sincerely,

*Stephen R. Cochell*

Stephen R. Cochell

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

| | | |
|---|---|---|
| Northern Gulf Services, LLC et al | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  4:25-cv-02352 |
| Stephen James Brindle | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                       Custodian of Records for Whitley Penn, LLP

_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

Please see Exhibits A-C

| Place: The Cochell Law Firm<br>5850 San Felipe, Suite 500<br>Houston, Texas 77057 (or by electronic production) | Date and Time:<br><br>04/17/2026 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

                                                              OR    [signature]

_____                    _____
*Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Stephen James Brin
_____ , who issues or requests this subpoena, are:

Stephen Cochell, 5850 San Felipe, Suite 500, Houston, Texas 77057; (346)-800-3500; srcochell@gmail.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:25-cv-02352

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____     on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **EXHIBIT A**

## **DEPOSITION ON WRITTEN QUESTIONS FOR CUSTODIAN OF RECORDS OF WHITLEY PENN, LLP**

1. Please state your full name and job title at Whitley Penn, LLP (hereinafter "Whitley Penn").

   _____

   _____

2. Are you the Custodian of Records for Whitley Penn?

   _____

   _____

3. Are the documents outlined in Exhibit C in your custody or subject to your control, supervision, or direction?

   _____

   _____

4. Were such documents kept in the ordinary course of business at Whitley Penn?

   _____

   _____

5. Please state whether or not it is the regular practice at Whitley Penn to have a person who knows about the information stated in the documents mentioned in Question No. 3, to make, create, receive, or file those documents.

   _____

   _____

6. Were the documents, mentioned in in Question 3, made at or near the time when the acts, events, conditions and other information contained therein occurred, where observed or rendered or made reasonably soon thereafter?

   _____

   _____

7. Do you have personal knowledge regarding the documents, mentioned in Question No. 3, in your position at Whitley Penn?

   _____

   _____

4902-1724-4544, v. 1

Before me, the undersigned authority, on this day personally appeared _____, custodian of records for the above listed, known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first duly sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct. I further certified that the records attached hereto are exact duplicates of the original records.

SWORN TO AND SUBSCRIBED before me this _____ day of _____, _____.

In _____ County/Parrish, _____.

_____
Notary Public

My commission expires: _____

4902-1724-4544, v. 1

## EXHIBIT B - DEFINITIONS

These document requests shall be read and interpreted in accordance with the definitions set forth below:

A.   "**And**," as well as "**or**," shall be construed both conjunctively and disjunctively, as necessary, in order to bring within the scope of any document request all information that otherwise might be construed to be outside the scope

of the request.

B.   "**Any**" shall be construed to include "**all**," and "**all**" shall be construed to include the word "**any**."

C.   "**Communication(s)**" includes, but is not limited to, any and all messages, correspondence, conversations, meetings, discussions or any other exchange, or records thereof, whether in person, by telephone or electronically, including by electronic mail, instant messaging, Skype, text, iMessage, and other forms of Internet or mobile communications.

D.   "**Plaintiff(s)**" means the named Plaintiffs in this lawsuit.

E.   "**You**" or "**Your**" refers to Whitley Penn, LLP.

F.   "**Document(s)**" means any materials listed in Federal Rule of Civil Procedure 34(a), including, but not limited to, electronically stored information and all writings, drawings, graphs, charts, photographs,

3

advertisements, Craigslist ads, emails, Internet landing pages and other webpages, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term. Document(s) also includes Communication(s).

G. "**Each**" shall be construed to include "**every**," and "**every**" shall be construed to include "**each**."

H. "**Electronically Stored Information**" or "**ESI**" shall mean the complete original and any non-identical copy (whether different from the original because of notations, different metadata, or otherwise), regardless of origin or location, of any electronically created or stored information, including but not limited to electronic mail (whether active, archived, or in a deleted items folder), instant messaging, videoconferencing, or other electronic correspondence, word processing files, spreadsheets, databases, and sound recordings, whether stored on cards, magnetic or electronic tapes, disks, computer files, computer or other drives, cell phones, mobile devices, PDA, or other storage media, and such technical assistance or instructions as will enable conversion of such ESI into a reasonably usable form.

I. "**Identify**," when used in reference to a natural person, shall

4

mean stating the person's: (a) full name; (b) present or last known residential address;

(c) present or last known telephone number; (d) present or last known email address;

(e) present or last known employer and job title; and (f) the nature (including job title) and dates of any affiliation, by employment or otherwise, with any Defendant; and, when used in reference to a corporation or other non- natural person, shall mean stating the entity's: (a) name; (b) nature (*e.g.*, corporation, partnership, etc.); (c) address of its principal place of business; (d)

last known telephone number and email address; and (e) natural person or persons with whom Defendant principally communicated and each such person's present or last known address, telephone number, and email address.

J.    "**Person(s)**" means any natural person, corporate entity, partnership, association, joint venture, governmental entity, trust, or any other organization or entity.

K.    "**Related to**" means discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, setting forth, considering, recommending, concerning, in connection with, or pertaining to, in whole or in part.

L.    "**LCS**" means **LCS 1, LLC**, together with its past and present parents, subsidiaries, affiliates, predecessors, successors, divisions, and all of its past and present officers, directors, managers, members, employees,

agents, representatives, and any other person or entity acting or purporting to act on its behalf.

M.    "Northern Gulf Services" or "NGS" means **Northern Gulf Services LLC**, together with its past and present parents, subsidiaries, affiliates, members, owners, investors (including, without limitation, any entity holding an ownership or controlling interest), predecessors, successors, divisions, and all of its past and present officers, directors, managers, employees, agents, representatives, advisors, consultants, accountants, and any other person or entity acting or purporting to act on its behalf.

N.    "Brindle" means **Stephen James Brindle**, together with any businesses, entities, or ventures he owns, controls, manages, or is affiliated with (including, without limitation, any entity in which he has or had a direct or indirect ownership interest), and all persons acting or purporting to act on his behalf, including his agents, employees, representatives, advisors, and consultants.

O.    "Transaction" means the acquisition by Northern Gulf Services LLC of the membership interests in LCS 1, LLC (and any related entities, including LCS Recycling, LLC) from Stephen James Brindle, including but not limited to:

6

(a) the negotiation, execution, and performance of the Membership Interest Purchase Agreement;

(b) all due diligence conducted in connection therewith;

(c) all communications, analyses, presentations, and materials relating to such acquisition;

(d) the financing of such acquisition, including any debt or equity arrangements; and

(e) all post-closing matters relating to the ownership, operation, or performance of LCS.

## EXHIBIT C – REQUESTS FOR PRODUCTION

**RFP No. 1**

All engagement letters, agreements, or retention documents between You and NGS relating to the Transaction.

**RFP No. 2**

All documents describing the scope of due diligence services You were retained to perform in connection with the Transaction.

**RFP No. 3**

All documents reflecting any limitations, restrictions, or assumptions placed on Your due diligence review.

**RFP No. 4**

All communications between You and NGS regarding the scope, purpose, or limitations of Your due diligence work.

**RFP No. 5**

All documents provided to You by NGS, Brindle, or any third party for purposes of conducting due diligence.

**RFP No. 5A:**

All customer contracts, agreements, or other written arrangements between LCS Recycling, LLC or LCS 1, LLC and their customers that were reviewed by You or on Your behalf during or after Your due diligence in connection with the acquisition of those entities.

**RFP No. 6**

All financial statements, customer lists, volume reports, driver logs, or operational data reviewed by You relating to LCS.

**RFP No. 7**

All summaries, compilations, or analyses prepared by You based on materials reviewed during due diligence.

**RFP No. 8**

All documents reflecting any requests by You for additional information or documentation relating to LCS.

8

**RFP No. 9**

All reports, memoranda, presentations, or analyses prepared by You concerning the Transaction.

**RFP No. 10**

All documents identifying or discussing LCS's customer list, customer base, customer activity, or revenue sources.

**RFP No. 11**

All documents analyzing or referencing LCS's monthly volume of used cooking oil or grease collection.

**RFP No. 12**

All documents identifying inactive, dormant, or non-producing customer accounts.

**RFP No. 13**

All documents identifying discrepancies, inconsistencies, or concerns regarding LCS's financial performance or operations.

**RFP No. 14**

All documents identifying risks associated with the Transaction.

**RFP No. 15**

All communications between You and NGS relating to the Transaction.

**RFP No. 16**

All communications in which You provided findings, conclusions, or recommendations regarding LCS.

**RFP No. 17**

All communications in which You discussed:

- customer activity or inactivity,

- revenue or volume metrics, or

- reliability of LCS's data.

**RFP No. 18**

All communications in which NGS asked questions or raised concerns regarding

LCS's operations, customers, or financial condition.

**RFP No. 19**
All communications between You and Stephen Brindle relating to the Transaction.

**RFP No. 20**
All communications between You and any employee or representative of LCS.

**RFP No. 21**
All documents reflecting any information provided directly by Brindle to You.

**RFP No. 22**
All documents reflecting any concern, issue, or "red flag" identified by You in connection with LCS.

**RFP No. 23**
All documents reflecting any concern regarding:

- inactive or non-existent customer accounts,

- overstated revenues, or

- inaccurate operational data.

**RFP No. 24**
All documents reflecting any concern regarding liabilities, including taxes, employment-related obligations, or litigation.

**RFP No. 25**
All internal communications within Your firm relating to any issues or concerns about LCS.

**RFP No. 26**
All documents relating to any valuation of LCS performed or reviewed by You.

**RFP No. 27**
All documents reflecting assumptions used in valuing LCS.

**RFP No. 28**
All documents reflecting how customer accounts, volume, or goodwill impacted

valuation.

**RFP No. 29**

All non-privileged drafts of reports, analyses, or presentations prepared by You.

**RFP No. 30**

All internal emails or communications (excluding privileged communications with counsel) relating to Your due diligence findings.

**RFP No. 31**

All communications between You and NGS after closing relating to:

- the accuracy of due diligence,

- any discovered discrepancies, or

- performance of LCS.